UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. PEDREIRA, SR., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 1:18-cv-12535-IT |
| | * |
| UNITED STATES FEDERAL BUREAU OF PRISONS, et al., | * |
| | * |
| Defendants. | * |

AMENDED ORDER

December 10, 2019

TALWANI, D.J.

Plaintiff Robert J. Pedreira, Sr., a former federal prisoner, proceeding *pro se*, filed a Complaint [#1] concerning conditions of his confinement while incarcerated at FMC Devens. On January 7, 2019, the court directed the Clerk to issue summonses for the individually named Defendants who all were sued for actions or omissions they allegedly took as employees of the Federal Bureau of Prisons ("BOP").[1]

The individually-named Defendants now move pursuant to Fed. R. Civ. P. 12(b)(5) to dismiss the Complaint for insufficient service of process, on the grounds that Plaintiff failed to comply with Fed. R. Civ. P. 4(i) in serving the complaint. Defs.' Mot. to Dismiss [#24]. Fed. R. Civ. P. 4(i) requires a plaintiff suing a United States officer or employee in that person's individual capacity for an act or omission occurring in connection with the duties performed on

---

[1] The court dismissed without prejudice claims against the BOP, the United States Public Health Services ("PHS"), and Captain Spaulding in his official capacity. See Order [#7]. Plaintiff has since filed a new complaint against the BOP and PHS in related action 1:19-CV-11061-IT.

the United States' behalf to serve the individual defendant pursuant to Fed. R. Civ. P. 4(e), (f) or (g), and to serve the United States.

Fed. R. Civ. P. 4(i) provides that "to serve the United States," a party must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought (or his or her designee) or must send a copy of each to the civil process clerk at the United States Attorney's Office by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A). The party also must send a copy of each to the Attorney General by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B).

According to the docket, the individual Defendants (except for Defendant Richard Russel)[2] waived service pursuant to Fed. R. Civ. P. 4(d). See Waivers of Service [#11] – [#19]. Although waiver of service is not specifically identified as a means of serving a United States officer or employee, the court finds the waivers of service to satisfy the first requirement of Fed. R. Civ. P. 4(i) for those Defendants. But Plaintiff was also required to serve the United States as part of serving a United States officer or employee, and this Plaintiff did not do.

Defendants contend that the correct remedy is dismissal of Plaintiff's action. The court agrees that dismissal is proper as to Defendant Russel, as he has not been served at all. Dismissal is not proper as to the remaining Defendants however, for "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4). This rule is particularly applicable here where Plaintiff proceeding *pro* se clearly misunderstands his obligation to serve

---

[2] The docket shows that the summons was returned unexecuted on February 11, 2019, as to Defendant Russel. According to notes from the United States Marshal Service, Defendant Russel retired from BOP. See Unexecuted Return of Summons [#10].

the United States despite the dismissal of claims against BOP and PHS. Accordingly, Plaintiff is granted leave of 45 days to correct the deficiencies in service.

The Clerk shall provide Plaintiff with new summonses for the individual Defendants (except Defendant Russel) and Plaintiff shall, within 45 days of the date of this Order, complete service on these individual Defendants by sending to the United States Attorney for the District of Massachusetts and to the United States Attorney General, by registered or certified mail, copies of the summons and complaint for the individual Defendants (except Defendant Russel). Plaintiff may ask the United States Marshals Service ("USMS") to complete service with all costs to be advanced by the United States. If Plaintiff asks the USMS to complete service, he shall complete two USM-285 forms: one for service on the the United States Attorney for the District of Massachusetts and the other for service on the United States Attorney General. Plaintiff will also provide the USMS with documents for service (two copies of all summonses and two copies of the complaint). The Clerk shall provide Plaintiff with forms and instructions for service by the USMS.

Accordingly, Defendants' Motion to Dismiss [#24] is GRANTED as to Defendant Russel and DENIED without prejudice as to the remaining Defendants. Plaintiff's pending Motion to Start Discovery [#38] is DENIED as premature.

IT IS SO ORDERED.

Date: December 10, 2019         /s/ Indira Talwani
                                United States District Judge