## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ROBERT J. PEDREIRA, SR.,     *
                                       *

              Plaintiff,       *

                                       *

              v.          *     Civil Action No. 18-cv-12535-IT

                                     *

UNITED STATES FEDERAL BUREAU  *

OF PRISONS, et al.,           *

                                     *

             Defendants.     *

## ORDER

March 17, 2020

TALWANI, D.J.

Plaintiff Robert J. Pedreira, Sr., a former federal prisoner, proceeding *pro se*, filed a Complaint [#1] concerning conditions of his confinement while incarcerated at FMC Devens. The court directed the Clerk to issue summonses for the individually named Defendants, all of whom were sued for actions or omissions they allegedly took as employees of the Federal Bureau of Prisons ("BOP").

Defendants moved to dismiss the Complaint, arguing that Plaintiff had not effected service on the Attorney General of the United States or the United States Attorney for the District of Massachusetts, required by Rule 4(i)(3) of the Federal Rules of Civil Procedure, and had failed to effect service personally upon Richard Russel. Def. Mot. to Dismiss [#24]; Def. Mem. in Support [#25]. On June 28, 2019, Plaintiff filed his response to Defendants' motion. Pl. Reply [#39].

On July 29, 2019, after Plaintiff had responded to Defendant's motion but before the court had acted on it, the Clerk received a request from Plaintiff to change his mailing address to

39 Boylston Street, Boston, Massachusetts 02216.[1] The Clerk docketed the request in a related case before the court, <u>Pedreira v. United States</u>, 19-cv-11061-IT [#13], and made the address change in both of Plaintiff's cases.

On September 20, 2019, the Clerk received another change of address request from Plaintiff in which he indicated that his mailing address had changed to 195 Union St. Apt. 16, Lynn, MA 01901. This request was also docketed in <u>Pedreira v. United States</u>, 19-cv-11061-IT [#18]. The dockets for both cases were updated with the new address.

On or about October 8, 2019, an individual called the Clerk's office, identified himself as Plaintiff, and asked that a copy of the docket sheet in each of Plaintiff's cases be mailed to him at 2130 Bailey Springs Court, Katy, Texas 77493. The docket indicates that a docket sheet was mailed to that address on October 8, 2019. Docket Entry [#41]. The Clerk's office reports that, on October 21, 2019, someone identifying himself as Plaintiff called the Clerk's office and stated that his request for his docket sheet had his updated contact information. The Clerk's office changed Plaintiff's mailing address in both of his cases accordingly. However, the docket sheet sent by the Clerk to the Texas address has since been returned as undeliverable. Docket Entry [#42].

In a December 10, 2019 <u>Amended Order</u> [#44], the court held that Plaintiff had failed to complete service in accordance with Rule 4(i)(3). The court granted the Motion as to Defendant Russel. However, the court concluded that dismissal was not the appropriate remedy for the other Defendants, who had agreed to waive service upon them personally. The court granted Plaintiff 45 days to serve the United States Attorney General and the United States Attorney for the

---

[1] When Plaintiff first commenced this action, the address he provided in the Complaint was for the Pine Street Inn, which provides shelter and other services to homeless men and women.

District of Massachusetts. The court directed the Clerk to provide Plaintiff with new summonses for the individual Defendants (except Defendant Russel) and ordered Plaintiff to complete service on the United States Attorney General and the United States Attorney for the District of Massachusetts by (1) sending them copies of the summonses and Complaint by registered or certified mail; or (2) directing the United States Marshals Service to complaint with all costs to be advanced by the United States.

The Clerk sent a copy of the Amended Order to Plaintiff at his two latest addresses of record: 2130 Bailey Spring Court, Katy, Texas 77493; and, 195 Union St. Apt. 16, Lynn, MA 01901. The mail sent to Pedreira at the Texas address, including the Amended Order, was returned as undeliverable. Docket Entry [#45]. The mail sent to the Lynn address has not been returned, but Plaintiff has not filed anything in response to the Amended Order or made any other submission to the court in either of his cases.

In light of Plaintiff's failure to cure the service deficiencies identified in the Amended Order the court dismisses this action for failure to prosecute. The court recognizes that when Plaintiff commenced this action, he was homeless, and that he diligently changed his mailing address with a written notice two times. However, the Clerk has mailed a copy of the Amended Order to the last address for which written notice was provided, and Plaintiff has not responded. The address provided by telephone does not appear to be valid, and while it may have resulted from a transcription error, it was incumbent upon Plaintiff to ensure that the court has his correct address. *See* L.R. 83.5.5(h) (D. Mass.); <u>see also</u> <u>Norlander v. Plasky</u>, 964 F. Supp. 39, 41-42 (D. Mass. 1997) (dismissing action for lack of prosecution where the court "had sent mail to petitioner at two different locations on three different occasion, only to have the mail returned by

the Post Office each time" and petitioner did not respond to an order requiring him to show cause why the action should not be dismissed).

Accordingly, this action is DISMISSED for failure to prosecute. This dismissal is without prejudice to Plaintiff filing a motion within 45 days to reopen the action. The Clerk shall send a copy of this Order to Plaintiff by certified mail at 195 Union St. Apt. 16, Lynn, MA 01901.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

March 17, 2020